UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | Case No. 3:99-cr-00161-HDM-RAM |
|---|---|
| Plaintiff, | Case No. 3:20-cv-00316-HDM |
| v. | |
| DARRYL WILLIAMS, | ORDER |
| Defendant. | |

The defendant has filed a motion to vacate, correct, or set aside sentence pursuant to 28 U.S.C. § 2255 (ECF No. 40). The government has moved to dismiss. (ECF No. 54). The defendant has opposed (ECF No. 56), and the government has replied (ECF No. 57).

The defendant was charged in this action with one count of possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2) and one count of bank robbery in violation of 18 U.S.C. § 2113(a). (ECF No. 1). Following his entry of a plea to bank robbery, the defendant was sentenced to 165 months in prison. Because the defendant had two prior crimes of violence and his instant offense was also a crime of violence, (PSR ¶ 27), his sentence was based, in part, on his designation as a career criminal. At the time the defendant was sentenced, the Guidelines were mandatory. Judgment of conviction was entered on November 21, 2001, and the defendant did not appeal. (ECF No. 29).

1

On May 28, 2020, the defendant filed the instant § 2255 motion. In it, he asserts that his sentence is invalid following the U.S. Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). The government argues that the defendant's motion is untimely and moves to dismiss.

Section 2255(f) requires that a motion for relief be filed within one year of the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The defendant filed his motion well more than a year after his judgment of conviction became final – nearly two decades later, in fact. The defendant asserts that his motion is nevertheless timely because it was filed within one year of the Supreme Court recognizing in *Davis* the new right he asserts. *Id.* § 2255(f)(3).

In *Davis*, the Supreme Court held that the residual clause of the definition of a "crime of violence" in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. 139 S. Ct. at 2336. The defendant, who was not convicted of a § 924(c) offense, asserts that *Davis* also renders a similar residual clause in the Guidelines definition

2

of crime of violence unconstitutionally vague and that his sentence entered pursuant to those provisions is therefore unlawful.

The defendant's argument is foreclosed by *United States v. Blackstone*, which binds this court and compels dismissal of the instant petition as untimely. 903 F.3d 1020 (9th Cir. 2018). In *Blackstone*, the defendant asserted that the residual clause of the definition of crime of violence in the then-mandatory Guidelines was unconstitutionally vague following the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015). In *Johnson*, the Court had held that the residual clause of the definition of violent felony in 18 U.S.C. § 924(e)(2) was unconstitutionally vague. The Ninth Circuit held that *Johnson* did not recognize the right that Blackstone asserted and thus his motion, filed more than a year after his judgment of conviction became final, was not timely. *United States v. Blackstone*, 903 F.3d 1020, 1023, 1025-28 (9th Cir. 2018) ("The Supreme Court has not yet recognized the right asserted by Blackstone. The Supreme Court has not held that the mandatory Sentencing Guidelines are subject to this vagueness challenge.").

The defendant argues that *Blackstone* is clearly irreconcilable with *Davis* and thus is no longer good law. But nothing in *Davis* abrogates the holding relevant to this case, and the Ninth Circuit has repeatedly rejected this same assertion raised by other defendants. *See, e.g.*, *United States v. Saenz*, 833 Fed. App'x 697 (9th Cir. Jan. 19, 2021) (unpublished disposition); *United States v. Gray*, 808 Fed. App'x 540, 541 (9th Cir. June 10, 2020) (unpublished disposition), *cert. denied*, 141 S. Ct. 1251 (2021). *Davis*, like *Johnson*, did not recognize the right the

3

defendant asserts here, and thus the motion cannot be considered timely under 28 U.S.C. § 2255(f)(3).

In accordance with the foregoing, IT IS THEREFORE ORDERED that the government's motion to dismiss (ECF No. 54) is GRANTED, and the defendant's motion filed pursuant to 28 U.S.C. § 2255 (ECF No. 40) is hereby DISMISSED.

IT IS FURTHER ORDERED that the defendant is DENIED a certificate of appealability, as jurists of reason would not find the court's dismissal of the motion as untimely pursuant to binding circuit law to be debatable or wrong.

The Clerk of Court shall enter final judgment accordingly.

IT IS SO ORDERED.

DATED: This 5th day of May, 2021.

_____
UNITED STATES DISTRICT JUDGE